William C. Hecht, J.
Petitioner challenges the legality of the assessments placed on certain of its property by the Tax Commission of the City of New York for the tax years 1940-41 through 1955-56 (except for the tax year 1944-45, when no proceedings were commenced).
The property in question is assessed and taxed as realty under statutory authority of section 2 (subd. 6) of the Tax Law.
Petitioner having withdrawn its claim of overvaluation, the sole issue presented here is the legality of these assessments. The facts have been stipulated to by the parties.
The properties assessed are located in (a) petitioner’s main office at 67 Broad Street, New York City, (b) various premises of subscribers to petitioner’s system, all located in New York County, and (c) in petitioner’s branch offices located in various parts of New York County. The stipulation of facts describes the usage of the various equipment assessed.
Petitioner’s claim of illegality is based entirely on the contention that all of its central office equipment, branch office equipment and equipment located in the offices of its subscribers are, in fact, accessories and appurtenances of a wireless communications system located in Suffolk County, N. Y., and engaged exclusively in atmospheric international communications, and as such do not come within the purview of section 2 (subd. 6) of the Tax Law, which gives respondent the right to tax as real estate “ all telegraph lines, wires, poles and appurtenances
To so view this case is to take too narrow a view of the meaning of the word “ appurtenance ” and, further, to put undue *425 emphasis on that part of the system which is neither taxed by the respondent nor at issue before this court.
It is conceded by petitioner that its equipment, taxed in New York County as real estate under section 2 (subd. 6) of the Tax Law, is connected by a system of lines owned by either the New York Telephone Company or Western Union Telegraph Company and said lines are taxed to these owners.
The fact that the major or most important part of petitioner’s system may be wireless from Suffolk County to all parts of the world does not destroy the right of respondent to tax that portion located within New York County. To so hold would be to give substance to the argument that use of the largest part of a system determines its taxability. Our statutes do not so provide. Neither the fact that petitioner’s equipment is, or is not, devoted to the commercial telegraph business, nor the fact that it leases the telegraph or telephone lines connecting its assessed equipment, is sufficient to invalidate the assessments made. (People ex rel. Holmes Elec. Protective Co. v. Chambers, 1 Misc 2d 990, affd. 285 App. Div. 886, affd. 1 N Y 2d 760; People ex rel. All America Cables & Radio v. Mills, N. Y. L. J., July 2, 1947, p. 12, cols. 3-4.)
The court holds that the assessments were legally levied. The equipment in question, while used in connection with certain wireless stations and equipment located without New York County, nevertheless is directly connected with and to telegraphic lines within New York County and is clearly appurtenant to those lines. Without being so connected, the equipment would be useless. The fact that the lines are leased and others pay the tax thereon does not take the equipment in question out of the statutory definition for the levy of assessment by respondent.
The court finds that the assessments in question were legally made. Petitioner’s claim of overvaluation having been withdrawn, the petitions are dismissed, the writs quashed and the assessments confirmed.
Settle order.